**JOHNSON v. STATE.**  (Court of Criminal Appeals of Texas.  Dec. 3, 1913.)  Appeal from District Court, Bexar County;  W. S. Anderson, Judge.  Clarence Johnson was convicted of burglary, and appeals.  Affirmed.  C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J.  From a conviction for burglary, appellant prosecutes this appeal, without any statement of facts or bills of exceptions.  No question is attempted to be raised which we can consider in the absence of these.  The judgment is therefore affirmed.

---

**KYLE v. STATE.**  (Court of Criminal Appeals of Texas.  Nov. 12, 1913.  Rehearing Denied Dec. 10, 1913.)  Appeal from Nolan County Court;  Jno. H. Cochran, Jr., Judge. Mat Kyle was convicted of aggravated assault, and appeals.  Affirmed.  W. T. Potter, of Austin, for appellant.  C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J.  Appellant was convicted of aggravated assault; his punishment being assessed at a fine of $100 and 90 days' imprisonment in the county jail.  This record is before us without a statement of facts or bill of exceptions.  In that condition the record presents no revisable matter.  The judgment is affirmed.

---

**ORTH v. STATE.**  (Court of Criminal Appeals of Texas.  Dec. 23, 1913.)  Appeal from Wichita County Court;  C. B. Felder, Judge. T. R. T. Orth was convicted of maintaining a house of prostitution, and appeals.  Affirmed. Charles C. Huff and Orville Bullington, both of Wichita Falls, for appellant.  C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J.  Appellant was prosecuted and convicted under an indictment charging that he "was the owner of a house then and there situate, which said house he did then and there unlawfully keep, was concerned in keeping, and knowingly permitted to be kept as a house for the purpose of prostitution, and where prostitutes were permitted to resort and reside for the purposes of plying their vocation."  He was convicted, and his punishment assessed at a fine of $200 and imprisonment in the county jail for 20 days.  At the threshold we are met with the motion of the Assistant Attorney General to strike out the bills of exception and statement of facts contained in the record, because they were not filed within the time prescribed by law.  Appellant's able counsel have filed a brief in which they earnestly insist we are wrong in the construction heretofore given to the acts of the Legislature governing these matters.  Every contention of appellant is disposed of in the case of Durham v. State, 155 S. W. 222, and, as we see no reason to change our views in this matter, we respectfully refer to that opinion, and the motion of the Assistant Attorney General is sustained.  See, also, De Friend v. State, 153 S. W. 881, and cases there cited.  This of necessity disposes of all questions presented in the motion for a new trial, except the one wherein the sufficiency of the indictment is challenged.  All questions raised by him were decided adversely to his contention in the cases of Willis v. State, 34 Tex. Cr. Rep. 148, 29 S. W. 787; Merrell v. State, 29 S. W. 41; Schulze v. State, 56 S. W. 918, and cases cited in these opinions.  Affirmed.

DAVIDSON, J., absent.

---

**WHITE v. STATE.**  (Court of Criminal Appeals of Texas.  Dec. 23, 1913.)  Appeal from Angelina County Court;  E. B. Robb, Judge. Frank White was convicted of giving liquor to a minor, and he appeals.  Affirmed.  C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J.  From a conviction for giving liquor to a minor, appellant has appealed.  No statement of facts is in the record.  The judgment is therefore affirmed.

DAVIDSON, J., absent.

---

**YOUNG v. STATE.**  (Court of Criminal Appeals of Texas.  Nov. 26, 1913.)  Appeal from District Court, Jasper County;  A. E. Davis, Judge.  Will Young was convicted of assault with intent to kill, and he appeals.  Affirmed. See, also, 151 S. W. 1046.  C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J.  The appellant was convicted of an assault with intent to kill and murder, and his punishment fixed at 15 years' confinement in the penitentiary.  There is no statement of facts in the case.  Neither is there any bill of exception.  Nothing is raised by the motion for new trial that we can consider in the absence of a statement of facts. The judgment is therefore affirmed.